**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| ANTHONY COFFMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GLIDE TALK, LTD., an Israeli company,<br><br>Defendant. | Case No. 1:13-cv-05190<br><br>Judge: Hon. John Z. Lee<br><br>Action Filed: July 19, 2013 |

### JOINT INITIAL STATUS REPORT

Plaintiff Anthony Coffman ("Plaintiff" or "Coffman") and Defendant Glide Talk, Ltd. ("Defendant" or "Glide") (collectively, the "Parties"), hereby submit the following Joint Initial Status Report pursuant to this Court's Initial Status Report Standing Order and Federal Rule of Civil Procedure 26(f)(2), and pursuant to the Parties' October 1, 2013 Rule 26(f) conference:

**I.     NATURE OF THE CASE**

   **A.     Attorneys of Record**

For Plaintiff Anthony Coffman: Jay Edelson, Rafey S. Balabanian (lead trial attorney), Ari J. Scharg, and David I. Mindell of Edelson LLC.

For Defendant Glide Talk, Ltd.: Thomas G. Connolly, Patrick P. O'Donnell, and Anne K. Langer of Wiltshire & Grannis LLP and Edward B. Mullen, III of the Law Offices of Ed Mullen, Esq.

   **B.     Basis of Federal Jurisdiction**

This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Glide contends that this Court does not have personal jurisdiction over it as Glide is an Israeli

corporation that does not have sufficient contacts with Illinois to confer jurisdiction.

### C. Nature of Claims Asserted in the Complaint and Any Counterclaims

This lawsuit arises out of Defendant's alleged practice of making unauthorized promotional text message calls to the cell phones of Plaintiff Coffman and the putative Class. Coffman alleges that these text message calls were made without prior express consent, and therefore, violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Glide denies that any violation of the TCPA occurred, primarily because it is not the "maker" of the purportedly offending text messages and because it does not use an automatic telephone dialing system ("ATDS") to deliver the text messages made by its users.

### D. Major Legal and Factual Issues in this Case

There are seven major issues in this matter: (1) whether this court has jurisdiction over Glide; (2) whether Glide made one or more unauthorized promotional text message calls to Coffman and the putative Class or whether the users of Glide's service made the text messages; (3) whether an ATDS was used to transmit the promotional text message calls at issue; (4) whether Coffman and the putative Class provided their prior express consent to receive such promotional text message calls; (5) whether Glide's conduct violates the TCPA; (6) whether Glide's violation of the TCPA was willful such that Coffman and the putative Class members are entitled to treble damages; and (7) whether class certification is appropriate.

### E. Relief Sought by Plaintiff

Coffman, on behalf of himself and the putative Class, seeks the following relief: (1) an order certifying the Class, appointing Coffman as the representative of the Class, and appointing his counsel as Class Counsel; (2) an award of actual and/or statutory damages under 47 U.S.C. § 227(b)(3)(B)-(C); (3) an injunction under 42 U.S.C. § 227(b)(3)(A) requiring Glide to cease from

making promotional text message calls without prior express consent; (4) an award of reasonable attorneys' fees and costs; and (5) such further relief the Court deems reasonable and just.

## II. PENDING MOTIONS AND CASE PLAN

### A. Pending Motions

(1) The only motion currently pending at the time of the filing of this report is Plaintiff Coffman's Motion for Class Certification. (Dkt. No. 2.) Coffman filed his Motion for Class Certification to prevent Glide from attempting to moot his representative claims through a so-called "buy-off" (*i.e.*, tendering to him the full amount of his individual damages alleged in the Complaint). *See Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) ("Class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs."). In his motion, Coffman requests that the Court delay ruling and allow him to file a supplemental motion for class certification at the close of discovery.

Pursuant to the Court's July 24, 2013 Minute Order (Dkt. 5), the Parties have conferred and have agreed to the entry of a stipulation whereby Plaintiff withdraws his pending Motion for Class Certification, and Defendant agrees not to attempt to moot or otherwise "pick off" Plaintiff's claims through any tender to Mr. Coffman.

(2) By the date of the hearing, Glide will have filed a Motion to Dismiss on the grounds that (1) the Complaint fails to state a claim upon which relief may be granted because it fails to allege sufficient facts for the Court to infer that Glide "made" the text messages at issue or that an ATDS was used; (2) the Court does not have personal jurisdiction over Glide; and (3) the Court should defer to the primary jurisdiction and specialized expertise of the Federal Communications Commission concerning a potential expansion of the scope of TCPA and allow

this issue to be resolved in that forum.

### B. Proposed Discovery Plan and Dates

The Parties anticipate that written and oral discovery will be needed on the following non-exhaustive topics: (1) whether Glide (or its agents) made one or more promotional text message calls to Coffman and the putative Class; (2) the manner in which such promotional text message calls were made; (3) whether the equipment that Glide (or its agents) used to make the promotional text message calls in question was an ATDS as contemplated by the TCPA; (4) whether Glide received Coffman's or the putative Class members' prior express consent before making such promotional text message calls to their cellular telephones; (5) the manner in which Glide obtained Coffman's and the putative Class members' cellular phone numbers; (6) whether Glide's conduct was willful; (7) the number of individuals in the putative Class; and (8) whether Coffman or the putative Class members were injured by the purported conduct of Glide.

Glide asserts that discovery should not begin until the Court has ruled on the Motion to Dismiss. The Motion to Dismiss raises dispositive issues concerning the merits of the case, as well as foundational issues as to whether this Court has personal jurisdiction over Glide and whether this Court is the most appropriate forum in which to litigate this case. To the extent these issues are resolved in favor of Glide, there will be no need for discovery. Moreover, the Court's ruling may limit or focus discovery, and it is more efficient and cost-effective to begin discovery once the pleadings and the issues before the Court are settled. Plaintiff opposes such a stay of discovery.

Notwithstanding, the Parties provide their respective proposed schedules in the chart below:

| Event | Plaintiff's Proposed Deadlines | Defendant's Proposed Deadlines |
|---|---|---|
| Deadline to Exchange Rule 26(a)(1) Disclosures | November 12, 2013 | December 13, 2013 |
| Commencement of Written Discovery | November 12, 2013 | December 13, 2013 |
| Deadline for Completion of Fact Discovery | June 16, 2014 | September 5, 2014 |
| Deadline for Plaintiff to Submit Expert Report(s) | July 16, 2014 | October 24, 2014 |
| Deadline for Defendant to Submit Expert Report(s) | August 15, 2014 | December 3, 2014 |
| Deadline for Completion of Expert Discovery | September 15, 2014 | January 30, 2015 |
| Deadline for Plaintiff to File Supplemental Motion for Class Certification | October 6, 2014 | October 6, 2015 |
| Deadline for Defendant to File Response in Opposition to Plaintiff's Supplemental Motion for Class Certification | November 3, 2014 | November 3, 2015 |
| Deadline for Plaintiff to File Reply in Support of Supplemental Motion for Class Certification | November 17, 2014 | November 17, 2015 |
| Deadline to File Dispositive Motions | 45 Days After The Court's Ruling On Plaintiff's Supplemental Motion For Class Certification | 45 Days After The Court's Ruling On Plaintiff's Supplemental Motion For Class Certification |
| Deadline to File Final Pretrial Order | 45 Days After The Court's Ruling On Any Dispositive Motions | 45 Days After The Court's Ruling On Any Dispositive Motions |

**C.      Trial**

Plaintiff has demanded a jury trial. The Parties believe that trial will last approximately 5-7 days.

**III.    WHETHER THE PARTIES CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE**

The Parties do not consent to proceed before a Magistrate Judge.

**IV.     WHETHER THERE HAVE BEEN SETTLEMENT DISCUSSIONS AND IF SO THE OUTCOME OF THOSE DISCUSSIONS**

The Parties have not engaged in any settlement discussions.

Respectfully submitted,

**EDELSON LLC**

Dated: October 4, 2013					By: /s/ Ari J. Scharg
							      One of Plaintiff's Attorneys

							Jay Edelson
							Rafey S. Balabanian
							Ari J. Scharg
							David I. Mindell
							EDELSON LLC
							350 North LaSalle, Suite 1300
							Chicago, Illinois 60654
							Tel: (312) 589-6370
							Fax: (312) 589-6378
							*jedelson@edelson.com*
							*rbalabanian@edelson.com*
							*ascharg@edelson.com*
							*dmindell@edelson.com*

							*Counsel for Plaintiff Coffman and the Putative Class*

							**WILTSHIRE & GRANNIS LLP**

Dated: October 4, 2013					By: /s/ Edward B. Mullen, III
							      One of Defendant's Attorneys

							Thomas G. Connolly (Admitted *Pro Hac Vice*)
							Patrick P. O'Donnell (Admitted *Pro Hac Vice*)
							Anne K. Langer (Admitted *Pro Hac Vice*)
							WILTSHIRE & GRANNIS LLP
							1200 Eighteenth Street, N.W., 12th Floor
							Washington, D.C. 20036
							Tel: (202) 730-1312
							Fax: (202) 730-1301
							*tconnolly@wiltshiregrannis.com*
							*podonnell@wiltshiregrannis.com*
							*alanger@wiltshiregrannis.com*

							Edward B. Mullen, III
							ED MULLEN, ESQ.
							2129 North Western Avenue
							Chicago, Illinois 60647
							Tel: (312) 342-8972

6

*ed_mullen@mac.com*

*Counsel for Defendant Glide Talk, Ltd.*

*ed_mullen@mac.com*

*Counsel for Defendant Glide Talk, Ltd.*

## **CERTIFICATE OF SERVICE**

      I, Ari J. Scharg, an attorney, hereby certify that on October 4, 2013, I served the above and foregoing *Joint Initial Status Report* by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the Court's CM/ECF electronic filing system, on this 4th day of October 2013.

                                                /s/ Ari J. Scharg