IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ANTHONY COFFMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GLIDE TALK, LTD., an Israeli company,<br><br>Defendant. | Case No. 1:13-cv-05190<br><br>Judge: Hon. John Z. Lee<br><br>Action Filed: July 19, 2013 |

**PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED JURISDICTIONAL DISCOVERY AND FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS UNTIL SUCH DISCOVERY IS COMPLETED**

This putative class action lawsuit arises from a nationwide mobile marketing campaign that Defendant Glide Talk, Ltd. ("Defendant" or "Glide") created to promote its video messaging application. The details of the campaign are straightforward: every time the Glide App was installed on a user's mobile device (such as a cellular telephone), Glide would automatically "scrape" the cellular telephone numbers stored in the user's address book and send pre-programmed text messages to the user's contacts encouraging them to download its application. Plaintiff Anthony Coffman—an Illinois resident—alleges that through this scheme, Glide sent text message spam to thousands of consumers throughout the country, including in the State of Illinois, without their permission or consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

In response to the complaint, Glide has moved for dismissal pursuant to Rules 12(b)(2) and 12(b)(6). Glide's argument under 12(b)(2) is predicated on the notion that the Court lacks

1

personal jurisdiction over Glide as a foreign corporation that doesn't do business in Illinois.[1] To support this argument, Glide offered the declaration of its co-founder Ari Roisman (the "Roisman Declaration"), who attests that Glide has no physical presence in Illinois, no employees in Illinois, and does not direct its advertising toward Illinois residents specifically. (*See* Dkt. 26-2.)

However, the Roisman Declaration doesn't speak to: (i) the extent of the business transactions that Glide has engaged in with consumers in Illinois (through acceptance of its terms of service, and the downloading and use of its mobile application), (ii) whether Glide designed its nationwide marketing campaign to reach consumers in all fifty states (including those in Illinois), or (iii) whether Glide sent other similar text message advertisements to Illinois residents as part of its campaign.[2] An understanding of such facts is necessary for the court to correctly evaluate whether it has personal jurisdiction over Glide, and the law allows for a plaintiff to take discovery into such issues where a defendant seeks to rebut the jurisdictional allegations in a complaint. While Plaintiff has conducted his own independent investigation into such facts and has asked that Defendant voluntarily provide them so as to avoid formal discovery into the issue, Defendant has refused to provide any such information, and Plaintiff cannot uncover all of these facts without limited discovery on Glide. Accordingly, Coffman respectfully requests leave to

---

[1] Glide's motion to dismiss also asserts that Coffman failed to state a claim under Rule 12(b)(6). (*See* Dkt. 26.) Rather than address the issues separately through piecemeal briefs, and because whether or not the Court has personal jurisdiction over Glide is a threshold question, Coffman requests an extension of the briefing schedule on the motion to dismiss until the instant motion is resolved and jurisdictional discovery has been completed.

[2] Beyond that, the Roisman Declaration makes only "present tense" statements, and thus, speaks only to Glide's *present* relationship with Illinois as of November 8, 2013 (the date of the filing of its pending motion to dismiss). As such, it's unclear as to whether the outside evidence submitted through the Roisman Declaration has any bearing whatsoever on Glide's relationship with Illinois when Coffman received the text message at issue on July 12, 2013.

conduct a Rule 30(b)(6) deposition on the disputed jurisdictional issues before having to respond to Glide's motion to dismiss.

I.  BACKGROUND

    A.  The Details of Glide's Mobile Marketing Campaign

Glide owns and operates a mobile phone application that provides users with the capability to send videos via text message. (First Amended Complaint ["Compl."], Dkt. 22, ¶ 1.) To promote its service and, more importantly, attract funding from outside investors, Glide created and implemented a nationwide mobile marketing campaign that targeted its users' friends and contacts. (*Id.* at ¶¶ 12, 17-19.) That is, once a user downloaded and installed the Glide App onto his or her mobile device, Glide would proceed to surreptitiously "scrape" the cell phone numbers from the address books of its unwitting users and automatically sent pre-programmed text message advertisements to the cell phones of those users' contacts, which translates into thousands of consumers throughout the country receiving text message advertisements from Glide without consent. (*Id.* ¶¶ 1, 12, 15, 17-18, 21, 23.)

For example, on July 12, 2013, Glide sent the following text message to Plaintiff Coffman's cell phone:

> Chad Bisnette has something to show you on Glide
> http://i.glide.me/7wjN*

(*Id.* ¶¶ 13-14.) Glide sent the text message advertisement from "(574) 330-0729"—a phone number that is operated and controlled by Glide and/or its agents. (*Id.* ¶¶ 14, 17, 22.) Further, each text message that Glide sent contained a hyperlink that directed recipients to Glide's promotional website (which at all relevant times Glide owned, operated, created, and controlled), where consumers were encouraged to download the Glide mobile application to their cell phones. (*Id.* ¶¶ 15-16.)

3

### B. Coffman's Jurisdictional Allegations

Coffman alleges that Glide's marketing campaign was designed to reach—and in fact did reach—consumers throughout the United States (including those in Illinois) and that the events giving rise to his claims (*i.e.*, the receipt of the unsolicited text message advertisement) occurred in Illinois (and specifically, in this District). (Compl. ¶¶ 1, 6-7, 12-15.) Plaintiff further alleges that Glide conducts significant business transactions in this District and solicits consumers in this District. (*Id.* ¶ 7.)

### C. Glide's Motion to Dismiss and the Roisman Declaration

Glide's pending motion seeks to dismiss Coffman's complaint under Rules 12(b)(2) and 12(b)(6), or in the alternative, to defer certain issues for resolution by the FCC under the doctrine of primary jurisdiction. (Dkt. 24.) The crux of Glide's personal jurisdiction argument is that it's an Israeli company that doesn't do business in Illinois, and thus, shouldn't have to defend a lawsuit here. (Mot. at 11.)

The Roisman Declaration purports to support this argument by proffering the following testimony:

- Glide has not been qualified to do business in Illinois and does not have any subsidiaries that are incorporated or qualified to do business in Illinois. (Roisman Decl. ¶¶ 8-9);

- Glide has no officers, employees, or agents that reside in Illinois. (*Id.* ¶¶ 10-11);

- Glide has no physical presence in Illinois. (*Id.* ¶ 12);

- Glide does not specifically direct its advertising or its website toward Illinois residents in particular. (*Id.* ¶¶ 12, 14); and

- Glide provides its users with the ability to invite friends via text message through the application, but has no involvement in choosing which friends to invite or with drafting the content of the text message. (*Id.* ¶¶ 5-6.)

However, given that Glide is an online company with a single software product (the

4

Glide App) that can only be obtained by downloading it over the Internet, this testimony isn't terribly relevant to the determination of whether the Court can assert personal jurisdiction over Glide in this case. Indeed, the Roisman Declaration says nothing about (i) the extent of the business transactions that Glide has engaged in with consumers in Illinois (through acceptance of its terms of service, and the downloading and use of its mobile application) (*see* Roisman Decl. ¶ 4), (ii) whether Glide designed its nationwide marketing campaign to reach consumers in all fifty states (including those in Illinois), (iii) whether Glide sent other similar text message advertisements to Illinois residents as part of its campaign, and if so, how many, and (iv) whether Glide had any expectation that Illinois residents would be among its user-base.[3] Such information is central to assessing whether the Court may properly assert personal jurisdiction over Glide, and thus, Plaintiff should be granted leave to take limited discovery into such facts.

## II. ARGUMENT

### A. Legal Standard

When jurisdiction over a defendant is challenged by way of a motion to dismiss under Rule 12(b)(2), the plaintiff bears the burden of proving that jurisdiction exists and must make a *prima facie* showing of jurisdiction. *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). A court accepts as true the plaintiff's undisputed allegations, and disputed evidence should be resolved in favor of jurisdiction. *See Purdue Research Foundation v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). However, "once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff

---

[3] And considering that Glide's own Facebook page acknowledges that out of every city in the world, the Glide App is "most popular" in Chicago, Illinois, it's doubtful that Glide would be able to truthfully say that it had no such expectation. *See* https://www.facebook.com/glideme/likes (last accessed December 6, 2013) (For convenience, a true and accurate screenshot of Glide's Facebook page (cited above) is attached as Exhibit 1).

must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Id.* at 783.

In such cases, courts in this Circuit routinely grant leave to conduct discovery on the disputed issue where the pleadings establish a *prima facie* showing of personal jurisdiction. *Central States, Southeast & Southwest Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 876-77 (7th Cir. 2006); *see also Trading Technologies Inter., Inc. v. BCG Partners, Inc.*, 2011 WL 1220013, at *3 (N.D. Ill. Mar. 28, 2011) ("jurisdictional discovery is justified where the plaintiff can show that the factual record is at least ambiguous or unclear on a disputed jurisdictional issue"); *Ticketreserve, Inc. v. viagogo, Inc.*, 656 F. Supp. 2d 775, 782 (N.D. Ill. 2009) ("the standard for allowing jurisdictional discovery is low"). To be sure, "reasonable discovery for purposes of demonstrating that jurisdiction does exist should be allowed, and [] failure to permit such discovery would be treated as reversible error." *Parkside Med. Servs. Corp. v. Lincoln W. Hosp., Inc.*, 1989 WL 75430, at *1 (N.D. Ill. June 20, 1989).

**B.     Coffman Has Made A *Prima Facie* Showing of Jurisdiction**

Personal jurisdiction can be either general or specific, depending on the extent of the defendant's contacts with the forum state. *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). If the defendant's contacts are so extensive that it is subject to general personal jurisdiction, then it can be sued in the forum state for any cause of action arising in any place. *Id*. More limited contacts may subject the defendant only to specific personal jurisdiction, in which case the plaintiff must show that its claims against the defendant arise out of the defendant's constitutionally sufficient contacts with the state. *Id*. In either case, the ultimate constitutional question is whether the defendant had "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and

substantial justice.'" *Id*. In determining whether due process has been satisfied, the Court may consider several factors, including (and most relevant here) whether the defendant does business in the forum state, the amount and frequency of that business, and whether the defendant advertises or solicits there. *See First Nat. Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 906 (N.D. Ill. 2006).

      Here, there is no question that Coffman made a *prima facie* showing of jurisdiction: the Complaint alleges that (i) Glide engaged in a nationwide marketing campaign (*i.e.*, one that was directed to all 50 states, including Illinois) to promote its mobile application (Compl. ¶¶ 1, 11-16), (ii) as part of that campaign, Glide sent an unsolicited text message advertisement to Coffman (*id.* ¶ 13), (iii) that Coffman is an Illinois resident (*id.* ¶ 5), (iv) that Coffman received the text message at issue in Illinois (and in fact, in this District) (*id.* ¶ 7), (v) that Glide solicits consumers from Illinois to download the Glide App (*id.* ¶¶ 7, 15–16), and (vi) that Glide transacts significant business in Illinois (*i.e.*, through the downloading and usage of the Glide App). (*Id.* ¶ 7.)

      By alleging that Glide engaged in a nationwide text message marketing campaign that was directed at all 50 states (including Illinois) and that, as part of that campaign, it sent an unlawful text message advertisement to Coffman (who both received the text in Illinois and resides there), Coffman has established the minimum contacts necessary to exercise specific jurisdiction over Glide. The *uBID, Inc. v. GoDaddy Grp., Inc.* case is on point in this regard. 623 F.3d at 426. There, the Seventh Circuit found that the Arizona-based Internet company was subject to personal jurisdiction in Illinois (despite the fact that it had no physical presence here) because it conducted an extensive nationwide marketing campaign, and despite the fact that there was no evidence that the defendant specifically targeted Illinois consumers. (*Id.*) The Appeals

Court reasoned that it was "easy to infer that GoDaddy's national marketing campaign [wa]s intended to reach as large an audience as possible, including the 13 million potential customers in the nation's fifth most populous state [*i.e.*, Illinois]," and as such, that "GoDaddy availed itself of the Illinois market," ultimately subjecting itself to personal jurisdiction in Illinois. (*Id*.); *see also Calder v. Jones*, 465 U.S. 783, 789 (1984) (personal jurisdiction found where the defendants committed an intentional tort outside the forum state but aimed their misconduct at the forum state); *Gordon v. Ascentive, LLC*, 2005 WL 3448025, at *4 (E.D. Wash. Dec. 15, 2005) (the defendant "was 'doing business' in Washington when it sent unsolicited commercial emails advertising its products to [the plaintiff who resided in Washington] in an attempt to solicit business for its website. Thus, [the defendant] committed a purposeful act that occurred in Washington.").

General jurisdiction is also likely established through Coffman's allegations that Glide transacts significant business transactions in Illinois related to its highly interactive mobile application, which includes, as Glide admits, forming contracts with Illinois consumers through the offer and acceptance of its terms of service for the Glide App. *See Euromarket Designs, Inc. v. Crate & Barrel Ltd.*, 96 F. Supp. 2d 824, 837 (N.D. Ill. 2000) (in situations where "a defendant clearly does business over the Internet . . . [and] enters into contracts with residents of a foreign jurisdiction over the Internet, personal jurisdiction is proper" in such forum); *see also Zherebko v. Reutskyy*, 2013 WL 4407485, at *4 (N.D. Cal. Aug. 12, 2013) (finding "apps that access the internet are, for purposes of personal jurisdiction, equivalent to websites" and holding that the mobile app's "high level of interactivity" with the user was sufficient to warrant the exercise of jurisdiction in the user's forum).

### C. In Light of the Roisman Declaration, Jurisdictional Discovery Is Warranted

Glide tries to rebut Plaintiff's *prima facie* allegations of jurisdiction with the Roisman Declaration. Relying on that Declaration, Glide's personal jurisdiction argument is a simple one—because it's a foreign company that doesn't do business in Illinois, it shouldn't be required to defend a lawsuit here. Roisman testified that Glide has no physical presence in Illinois, has no employees or agents in Illinois, doesn't intentionally direct its advertising or its website specifically toward Illinois residents, and doesn't unilaterally draft or send text message invitations to its users' friends and contacts. (*See* Roisman Decl. ¶¶ 5-6, 8-9, 10-12, 14.)[4]

While this testimony doesn't directly rebut the complaint's jurisdictional allegations, Glide nonetheless argues that it does. Consequently, Coffman should be permitted leave to conduct limited discovery to refute Glide's contention that it has no connection to Illinois whatsoever. To that end, the proposed discovery would focus on (i) the intended reach of Glide's nationwide text message marketing campaign and whether it took any steps to exclude Illinois residents from receiving text messages associated with such campaign, (ii) the manner in which the text message at issue was sent to Coffman, including where it was sent from, who it was sent by, and who drafted its content, (iii) the number of text messages that Glide sent to Illinois residents as part of its marketing campaign, (iv) the number of Illinois residents that have downloaded the Glide App (and whom have executed contracts with Glide by agreeing to its terms of service), (v) the level of interaction that Glide has with Illinois residents through its mobile application, and (vi) the level of awareness that Glide has with respect to Illinois

---

[4] Again, it should be noted that this testimony fails to rebut Coffman's allegation that Glide conducts significant business transactions in Illinois, (Compl. ¶ 7), and as such, Glide's motion to dismiss for lack of personal jurisdiction should be denied on that basis alone. *See Purdue Research Found.*, 338 F.3d 773 at 782 ("the court must accepts all well-pleaded allegations in the complaint as true unless controverted by the defendants' affidavits.").

residents downloading and installing the Glide App and receiving text messages through the service that the App provides. *See* Plaintiff Anthony Coffman's Notice of Rule 30(b)(6) Deposition to Defendant Glide Talk, Ltd., a true and accurate copy is attached as Exhibit 2.

Ultimately, Because Coffman alleged a *prima facie* showing of personal jurisdiction and Glide attempted to rebut such showing by proffering outside evidence, limited discovery on the disputed jurisdictional issues is warranted in order to fully and adequately respond to Glide's motion to dismiss.

## CONCLUSION

For the foregoing reasons, Plaintiff Anthony Coffman respectfully requests that the Court enter an Order (i) granting him leave to conduct limited jurisdictional discovery as set forth herein, (ii) extending the briefing schedule on Glide's pending motion to dismiss, and (iii) providing such other and further relief as the Court deems equitable and just.

Respectfully submitted,

**ANTHONY COFFMAN**, individually and on behalf of all others similarly situated,

Dated: December 6, 2013

By: /s/ David I. Mindell
 One of Plaintiff's Attorneys

Jay Edelson
Rafey S. Balabanian
Ari J. Scharg
David I. Mindell
EDELSON LLC
350 North LaSalle, Suite 1300
Chicago, Illinois 60654
jedelson@edelson.com
rbalabanian@edelson.com
ascharg@edelson.com
dmindell@edelson.com
Tel: (312) 589-6370

*Counsel for Plaintiff Coffman and the Putative Class*

10

## **CERTIFICATE OF SERVICE**

  I, David I. Mindell, an attorney, hereby certify that on December 6, 2013, I served the above and foregoing ***Plaintiff's Motion for Leave to Conduct Limited Jurisdictional Discovery and for an Extension of Time to Respond to Defendant's Motion to Dismiss Until Such Discovery is Completed***, by causing true and accurate copies of such paper to be transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this 6th day of December 2013.

                /s/ David I. Mindell