**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANTHONY COFFMAN, individual and on behalf of all others similarly situated, | |
| Plaintiff, | Civil Action No. 1:13-cv-05190 |
| v. | |
| GLIDE TALK, LTD., an Israeli company, | Judge John Z. Lee |
| Defendant. | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S RENEWED MOTION TO**
**DISMISS AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO**
**CONDUCT LIMITED DISCOVERY AND FOR AN EXTENSION OF TIME**

Glide has twice moved to dismiss this case or to defer to the primary jurisdiction of the

Federal Communications Commission (FCC).  Plaintiff did not obtain an extension from counsel

or the court to respond to the merits arguments in Glide's motion to dismiss, demonstrated no

good cause for an extension or in fact any cause at all, and simply punted on responding.

Plaintiff hopes the court will excuse Plaintiff's failure to respond to merits arguments it has been

aware of since September based a claimed need for discovery suddenly after two months and as

his opposition was due.

Because Plaintiff fails to state a claim and fails to establish a prima facie case for this

court's personal jurisdiction over Glide, Glide's motion to dismiss should be granted.  In the

alternative, in order to avoid rewarding Plaintiff's deadline gamesmanship and disregard for the

deadlines set pursuant to the F.R.Civ.P and this Court's Local Rules, the Court should grant

Glide's alternative and equally unanswered motion that the Court defer to the primary

jurisdiction of the FCC.

I.    Procedural History

Glide contends that Plaintiff's Complaints, both the original and Amended, share the same substantive shortcoming:  they fail to plead facts making plausible Plaintiff's claims that 1) Glide "made" the "calls" at issue or that 2) an Automated Telephone Dialing System ("ATDS") was used.  Glide pointed out the factual basis for this to Plaintiff's counsel informally on September 16, 2013 in an effort to avoid this litigation, which was a prime reason the parties agreed to defer the initial response date to this Complaint.  *See* Decl. of Patrick P. O'Donnell at ¶ 2.

When that early discussion failed to avoid or narrow this dispute, Glide moved to dismiss on October 7, 2013, on two grounds:  failure to state a claim and lack of personal jurisdiction. Def.'s Mot. to Dismiss Pursuant to Rules 12(B)(2) & 12(B)(6), or to Defer to Primary Jurisdiction of Fed. Commc'ns Comm'n, Dkt. No. 18; Def.'s Mem. of Law in Supp. of Mot. to Dismiss, Dkt. No. 19.  Glide also provided the Court and Plaintiff with a declaration on basic jurisdictional facts.  *See* Dec'l. of Ari Roisman, Co-Founder & CEO of Glide Talk Ltd., Dkt. No. 19-2.

Rather than respond, Plaintiff's counsel filed an amended complaint on October 28, 2013. The Amended Complaint dropped the first Complaint's admission that "SMS messages, may be received by the called party virtually anywhere worldwide," Compl. at ¶ 11, added some detail about how messages were selected, and cited blog postings about Glide.  *See, e.g.,* First Am. Compl. at ¶¶ 12, 19, Dkt. No. 22.  But the Amended Complaint did not change the basic factual allegations or the cause of action.  *Compare* Compl., Dkt. No. 1, *with* First Am. Compl., Dkt. No. 22.

Glide renewed its motion to dismiss on November 8, 2013, raising the same arguments it originally filed, but tailoring them to the amended complaint. Def.'s Renewed Mot. to Dismiss, Dkt. No. 24. Glide continued to rely on the Roisman Declaration as originally submitted on October 7, 2013. Dkt. No. 26-2.

The Court set a briefing schedule the next day. "Plaintiff's response to the renewed motion to dismiss [24] is due by 12/4/13; reply due 12/18/13; ruling will be by mail. Motion to dismiss [18] is stricken. No appearance is required on the motion." Min. Entry, Nov. 13, 2013, Dkt. No. 27.

On December 3, 2013, the day before Plaintiff's opposition brief was due, Mr. Coffman's counsel called undersigned counsel for defendants and sought a one-week extension. Defendants declined to agree to that long an extension, because it would push the due date for Defendants' briefing into Christmas week, and it conflicted with defense counsel's briefing in other matters. But, as a matter of professional courtesy, Glide agreed to an extension to the end of the week, December 6.

With Glide's consent, Plaintiff sought and the Court granted an extension to December 6 for Plaintiff to finally respond to Glide's motion to dismiss. Pl.'s Unopposed Mot. for Extension of Br'ing Schedule on Def.'s Renewed Mot. to Dismiss, Dkt. No. 30; Min. Order Granting Mot. for Extension, Dec. 4, 2013, Dkt. No. 32.

II.     Plaintiff Does Not Show Good Cause for Failure to Respond to Glide's Motion to Dismiss for Failure to State a Claim, So Glide's Motion Should be Taken as Conceded

Plaintiff has now responded at length to Glide's argument on personal jurisdiction, but it has elected not to comply with the briefing deadline to respond to Glide's motion to dismiss for failure to state a claim, or, alternatively, to defer to the primary jurisdiction of the FCC.

3

No party is entitled to an extension of a deadline. The civil rules governing this action provide that "[w]hen an act may or must be done within a specified time, the court may, *for good cause*, extend the time…." Fed. R. Civ. P. 6(b)(1) (emphasis added). This Court's Case Management Procedures similarly warns that "[a] motion for extension of time shall not be granted except on a showing of good cause."

http://www.ilnd.uscourts.gov/home/Print_JudgePage.aspx (last accessed Dec. 9, 2013).

Plaintiff fails to show good cause for his eleventh-hour request for yet more time to respond to Glide's motion to dismiss for failure to state a claim or to defer on primary-jurisdiction grounds, which has been pending almost continuously since October 7, 2013. His only explanation for this failure, and the *entirety* of his effort to show good cause for failure to meet the briefing deadline, appears in footnote 1 of his motion:

> Glide's motion to dismiss also asserts that Coffman failed to state a claim under Rule 12(b)(6). (*See* Dkt. 26.) Rather than address the issues separately through piecemeal briefs, and because whether or not the Court has personal jurisdiction over Glide is a threshold question, Coffman requests an extension of the briefing schedule on the motion to dismiss until the instant motion is resolved and jurisdictional discovery has been completed.

Pl.'s Mot. for Leave to Conduct Limited Jurisdictional Discovery & for Extension of Time at 2 n.1, Dkt. No. 33 ("Plaintiff's Dec. 6 Motion"). But failure to state a claim is equally a threshold question, and so is the matter of whether the Court should defer to the primary jurisdiction of the FCC to interpret the application of the Telephone Consumer Protection Act ("TCPA") to advanced interactive services such as Glide.

And the substance of Plaintiff's filing belies his claimed intent to spare the court piecemeal briefing. In fact, Plaintiff offers extensive briefing of the personal jurisdiction

issue in his own filing,[1] and seeks to late file a second brief that will presumably deal with the 12(b)(6) and primary-jurisdiction issues. Plaintiff's gambit thus causes rather than prevents piecemeal briefing. Indeed, such piecemeal briefing appears to be one of its main goals.

Plaintiff does not claim (and has never claimed) to need yet more time to respond to Glide's argument that the Complaint should be dismissed for failure to state a claim. In particular, Plaintiff does not and cannot contend that his asserted need for jurisdictional discovery hampers in any way his ability to respond to Glide on the merits of the 12(b)(6) or personal jurisdiction arguments. Plaintiff elected to respond to Glide's arguments concerning personal jurisdiction and could equally have responded to the rest of Glide's motion. Instead, Plaintiff gambled that he would be allowed to help himself to more delay and a unilateral extension of the briefing schedule, and to increase the strike-suit leverage of a substantively weak claim by imposing unwarranted additional litigation costs on Glide.

The lack of good cause for Plaintiff's extension request, and in particular its suspect timing, is somewhat obscured by Plaintiff's simultaneous violation of Local Rule 37.2 governing discovery motions. That rule required Plaintiff to "recite … the date, time and place of" the conference at which his counsel sought Glide's consent to the new request for jurisdictional discovery under Rule 30 and a further extension of time. Had Plaintiff complied, he would have disclosed to the Court that he first made this request to Glide last Thursday, December 5, 2013, the day after his answering memorandum was originally due, and the day before its extended due date. This is almost two months after Glide filed the Roisman Declaration that Plaintiff cites as

---

[1] Glide responds in Section III *infra*.

the only basis for his request for jurisdictional discovery and yet more delay.  Plaintiff offers no reason for waiting until this late date to make this request, and the record shows there is none.

The party seeking extension of a deadline bears the burden of establishing good cause. *Cf. Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988) (partying seeking extension of time to serve under Rule 4 bears burden to establish good cause).  Inadvertence by counsel, or a halfhearted effort to comply with a deadline, do not show good cause to extend it.  *Id.*  Here, however, Plaintiff's failure is not inadvertent, nor the result of halfhearted efforts, but calculated and tactical.  He belatedly concludes that his position would be helped by jurisdictional discovery and an attempt to brief personal jurisdiction separately from, and in advance of, the 12(b)(6) and primary jurisdiction issues.  Since the briefing schedule does not provide him an avenue for doing so, he simply disregards it, files a response to the argument he wants to join now, and seeks a unilateral extension on the one he would avoid.

The Seventh Circuit upheld the enforcement of a deadline under similar circumstances in *Yancick v. Hanna Steel Corp.,* 653 F.3d 532, 535 (7th Cir. 2011).  Like the Plaintiff here, Yancick waited until the due date for the brief on a dispositive motion (summary judgment) to file a motion for leave to make a filing after the deadline.  *Id.*  Yancick was less cavalier than Plaintiff here:  he actually lodged "his response brief (which was about 1,500 words over the allowed word limit) but not the referenced exhibits. Yancick sought leave to file his exhibits after the motion for leave was granted."  *Id.*  Thus he gambled on being allowed to late file only the exhibits, not the brief itself.  The Court denied the motion to file the exhibits after the deadline.  It reasoned that Yancick had failed to meet the deadline, timed his motion so that it "virtually ensured that the Court would not have an opportunity to rule on the motion for leave until after the response deadline," and found his "failure to include exhibits was 'particularly suspect' and

6

led to the reasonable inference that 'counsel structured his 4:56 p.m. filing ... so as to buy himself additional time to prepare exhibits in support of his summary judgment response brief.'" *Id.* at 536. The Court of Appeals upheld the District Court's decision to deny Yancick's motion to late file and to rule on the summary judgment motion without Yancick's briefing, finding that the District Court had not abused its discretion in ruling that Yancick failed to show good cause under Rule 6(b)(1). *Id.* at 537-38.

Plaintiff's timing is similarly suspect here. Filed at 8:26 PM Central Time according to the ECF record, Plaintiff's motion provided the Court no opportunity to rule on the extension request before Plaintiff's substantive brief was due. The history strongly suggests contrivance in citing the Roisman Declaration as driving the request; that filing had been on file and unchanged for two months, and Plaintiff's eleventh-hour motion appeared only after Plaintiff tried and failed to obtain yet more time to respond to Glide's motion to dismiss. And the rationale for failing to address the 12(b)(6) and primary-jurisdiction arguments, avoidance of piecemeal briefing, appears equally contrived given Plaintiff's election to provide a full 10 pages of briefing on the issue he wants to address, personal jurisdiction.

The Court's local rules provide that upon failure to file a memorandum answering a motion, the court may grant the motion "without further hearing." N.D. Ill. L. Civ. R. 78.3. Enforcing this rule and hollowing *Yancick*, the Court should grant Glide's motion on the record as it now stands.[2] Plaintiff's gambit prejudices Glide, which is forced to expend resources briefing this distraction in addition to the merits, on Plaintiff's timetable, because of Plaintiff's tactical decisions. Glide's substantive motion to dismiss has been on file for two months, and it

---

[2] If the Court treats Plaintiff's December 6 filing as his opposition memorandum to Glide's pending motion, it may fairly treat this filing as Glide's reply thereto.

is ripe for ruling.  Plaintiff has had ample time to present the Court with any response beyond the Amended Complaint prepared in response to Glide's first motion.  The Court should enforce its deadlines and avoid further prejudice to Glide by granting Glide's motion under the authority of *Yancick,* Rules 6(b)(1) and 12(b)(6), and Local Rule 78.3, and dismiss the case with prejudice for failure to state a claim for the reasons given in Glide's motion to dismiss.

In the alternative, should the Court be unwilling at this time to dismiss the case with prejudice on that basis, the Court should at least grant Glide's alternative motion to defer to the primary jurisdiction of the FCC.  Glide's arguments for doing so have been on record for as long as its arguments for dismissal for failure to state a claim, and Plaintiff's newly found need for jurisdictional discovery is as irrelevant to this issue as it is to the 12(b)(6) issue.  Moreover, just last week, the FCC issued a public notice soliciting comment on Glide's pending petition for expedited declaratory ruling.  Consumer & Governmental Affairs Bureau Seeks Comment on Pet. for Expedited Declaratory Ruling filed by Glide Talk Ltd., Public Notice, CG Docket No. 02-278 (Dec. 2, 2013).  Dismissing this case without prejudice pending the FCC's ruling on Glide's motion is merited on the merits, for the reasons Glide has twice provided, which Plaintiff has still never contested, would still allow Plaintiff to re-file this action should the FCC issue a declaratory ruling endorsing Plaintiff's theory of the TCPA and overruling Glide's.

III.   **Plaintiff Fails to Make a Prima Facie Showing of Personal Jurisdiction or to Attempt to** <u>**Rebut Glide's Declaration**</u>

Despite Plaintiff's tactical decision to play for time on the 12(b)(6) and primary-jurisdiction issues, he did elect to respond to Glide's arguments that he had not pled a *prima facie* showing of this Court's primary jurisdiction. As explained below, however, he fails to carry this burden or to justify his request for jurisdictional discovery against an overseas defendant.

### A.  The Legal Standard

Once a defendant moves to dismiss the complaint under Rule 12(b)(2), the burden shifts to the plaintiff to establish personal jurisdiction, accepting as true all allegations in the Amended Complaint. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). After the defendant presents evidence opposing jurisdiction, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Id*. at 783. "At a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted. Foreign nationals usually should not be subjected to extensive discovery in order to determine whether personal jurisdiction over them exists." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000) (internal citations omitted). A plaintiff's request for jurisdictional discovery "will be denied if it is based only upon unsupported assertions of personal jurisdiction." *Ticketreserve, Inc. v. viagogo, Inc.*, 656 F. Supp. 2d 775, 782-83 (N.D. Ill. 2009).

### B.  Plaintiff Has Not Made a Prima Facie Case for Personal Jurisdiction Justifying Discovery

The Amended Complaint itself is remarkably deficient in asserting any connection to the forum state at all, other than the fact that Mr. Coffman is an Illinois citizen, Am. Compl. ¶ 5, and

the fact that he happened to be in Illinois when he received the complained-of invitation to join Glide. *Id.* ¶ 7. Mr. Coffman simply relies upon conclusory but utterly fact-free allegations of connections to Illinois and this District and likens his limited allegations to factually distinct cases in which the Seventh Circuit or this Court found personal jurisdiction.

Mr. Coffman's reliance on these cases is misplaced. In *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 432-33 (7th Cir. 2010), the defendant aired numerous and highly publicized advertisements during the Super Bowl and specifically targeted Illinois by advertising at Wrigley Field and the United Center. It also had "hundreds of thousands of customers in the state and earn[ed] millions of dollars in revenue from the state each year." *Id*; *see also First Nat. Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 910-11 (N.D. Ill. 2006) (plaintiff alleged facts to show that defendant sought out and entered contract negotiations in question with an Illinois corporation); *Euromarket Designs, Inc. v. Crate & Barrel Ltd.*, 96 F. Supp. 2d 824, 836 (N.D. Ill. 2000) (defendant purposefully used the same trade name as an Illinois company, created an internet website based on that trade name, pursued and contracted with vendors and suppliers in Illinois, and attended trade shows in the state); *Zherebko v. Reutskyy,* No. C 13-00843 JSW, 2013 WL 4407485, at *4 (N.D. Cal. Aug. 12, 2013) (commerce always flowed through a corporation located in the state). Here, Plaintiff simply states that Glide conducts a national advertising campaign without offering any specifics of this campaign or any evidence that Glide has published a single advertisement in Illinois. Neither does he allege that Glide has a single customer or has earned a single dollar in the state.

To rebut Plaintiff's conclusory allegations, Glide offered a declaration establishing that Glide is a foreign corporation that does not intentionally do business in Illinois. Glide does not have an office or agent for service of process, a banking account, a mailing address, or property

10

in Illinois. It does not employ or contract with Illinois residents or have affiliates or subsidiaries registered to do business in the state. It does not advertise in, direct its website to, or solicit or receive revenue or investments from Illinois. None of Glide's officers, directors, or employees resides in or is domiciled in the state. Roisman Decl., October 7, 2013 (Dkt. 19-2, 26-2).

A court "accepts as true any facts contained in the Defendant's affidavits or proffered evidence that Plaintiff does not refute." *Centurion Serv. Grp., LLC v. SBMC Healthcare, LLC*, No. 12 C 9318, 2013 WL 1903292, at *3 (N.D. Ill. May 7, 2013); *see also Purdue Research Found.*, 338 F.3d at 783, n.13. Plaintiff has not refuted a single element of Glide's declaration. Thus, this court must accept Glide's statements as true. *Cf. Centurion Serv.*, at *3 (noting defendants' lack of contacts with the district); *Rutherford v. Zoom Tan, Inc.*, No. 2:12-cv-509, 2013 WL 4001343 (M.D. Fla. Aug. 5, 2013) (dismissing TCPA claim after plaintiff failed to rebut defendant's affidavit contesting jurisdiction).

Instead of rebutting Glide's declaration, Plaintiff makes conclusory allegations that he happened to be in Illinois when he received the text message. This simple statement falls far short of establishing a *prima facie* case of jurisdiction. *See Centurion Serv. Grp., LLC,* 2013 WL 1903292, at *5-*7 (finding that plaintiff's vague statement that defendant contacted him by telephone and email in Illinois was not sufficient to rebut defendant's declaration that it did not have minimal contacts with the state).[3] Indeed, Plaintiff's unsupported statements fall so far

---

[3] In his motion, Plaintiff alleges for the first time that this Court also has general jurisdiction over Glide solely because Glide offers a mobile app. However, simply operating a web-based program accessible from Illinois without actually targeting the Illinois market does not establish jurisdiction in this forum for claims related to that activity. *See be2 LLC v. Ivanov*, 642 F.3d 555, 558-59 (7th Cir. 2011). Plaintiff argues that operation of a website—or an app—is sufficient to establish jurisdiction. *See Euromarket Designs. Inc.*, 96 F. Supp. 2d at 837; *Zherebko*, 2013 WL 4407485. However, he fails to note that the Seventh Circuit declined to accept the sliding scale test described in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F.

11

short of the threshold for conducting discovery that the cases on which he relies highlight his deficiencies. *See Ticketreserve, Inc.*, 656 F. Supp. 2d at 782 (denying request to conduct discovery based on failure to rebut defendant's declaration); *Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 877-78 (7th Cir. 2006) (allowing discovery based on defendant's tax forms in which it allegedly requested to be treated as a domestic corporation); *Trading Techs. Int'l., Inc. v. BCG Partners, Inc.*, No. 10 C 715, 2011 WL 1220013 at *4 (N.D. Ill. Mar. 28, 2011) (permitting discovery based on allegations that defendant inherited its predecessors' and subsidiaries' jurisdictional contacts).[4] Here, Plaintiff relies primarily on the number of "Likes" on a social-media application and website called Facebook. Plaintiff's Dec. 6 Motion at 5 n.3 and Ex. 1 thereto. But he does not explain how Facebook calculated this, how many people this is, or how the unquantified affection for Glide expressed by an unknown number of Facebook-identified Chicagoans could establish Glide's purposeful availment of Illinois.

Plaintiff's Amended Complaint is insufficient on its face to make out a *prima facie* case of personal jurisdiction in Illinois. Plaintiff thus has failed to carry even its minimal burden to be allowed to conduct jurisdictional discovery, and his Amended Complaint should be dismissed.

---

Supp. 1119 (W.D. Pa.1997) on which the finding of jurisdiction in these cases is premised. *uBID, Inc.*, 623 F.3d at 431 n.3.

[4] Plaintiff also erroneously relies on *Parkside Med. Servs. Corp. v. Lincoln W. Hosp., Inc.*, No. 89 C 2233, 1989 WL 75430, at *1 (N.D. Ill. June 20, 1989), which does not address personal jurisdiction at all, let alone a plaintiff's burden to make a *prima facie* case. The plaintiff, an Illinois corporation, claimed federal *subject matter* jurisdiction based on diversity of citizenship. In response, the defendant asserted that its principal place of business was Illinois at the time the action commenced and thus, the parties were not diverse. To determine whether it had subject matter jurisdiction, the court authorized limited discovery on whether the defendant's principal place of business was Illinois at the time the plaintiff filed the complaint. *Id*. at *1-*2. Not once did the court reference personal jurisdiction. *See id*.

### C. If this Court Permits Plaintiff to Conduct Jurisdictional Discovery, Plaintiff Should Bear Glide's Costs

"American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. S.D. Iowa*, 482 U.S. 522, 546 (1987). Indeed, supervision is especially required in class action suits filed against foreign defendants for "the additional cost of transportation of documents or witnesses to or from foreign locations may increase the danger that discovery may be sought for the improper purpose of motivating settlement, rather than finding relevant and probative evidence." *Id*. at 543. In order to guard against abusive jurisdictional discovery to induce settlement, this Court should at a minimum order Plaintiff to pay all costs of jurisdictional discovery. *See Tile Unlimited, Inc. v. Blanke Corp.*, 10 C 8031, 2013 WL 2451143 (N.D. Ill. June 5, 2013) (refusing to order foreign defendant submit to a deposition in Illinois when defendant was "amenable to a deposition by conventional videoconference or telephone conference provided that [plaintiff] pays the costs of the video or telephone conference, a court reporter and a translator.").

### I. Conclusion

For the foregoing reasons, the Plaintiff's motion should be denied, its December 6 filing should be treated as Plaintiff's response to Glide's renewed Motion to Dismiss, and the Amended Complaint should be dismissed.

13

December 9, 2013                    Respectfully submitted,


Ed Mullen, (Bar # 6286924)         Thomas G. Connolly, *pro hac vice*
2129 N. Western Ave.               Patrick O'Donnell, *pro hac vice*
Chicago, IL 60647                  Anne Langer, *pro hac vice*
312-342-8972                       Wiltshire & Grannis LLP
ed_mullen@mac.com                  1200 18th Street, N.W., Suite 1200
                                   Washington, D.C. 20036
                                   Telephone: (202) 730-1300
                                   podonnell@wiltshiregrannis.com

**CERTIFICATE OF SERVICE**

I, Patrick O'Donnell, an attorney, hereby certify that on December 9, 2013, I served the foregoing by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the Court's CM/ECF electronic filing system.

_____