**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTHONY COFFMAN, individual and on behalf of all others similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) GLIDE TALK, LTD., an Israeli company, ) ) Defendant. ) | Civil Action No. 1:13-cv-05190<br><br>Honorable John Z. Lee |

**JOINT MOTION TO STAY PROCEEDINGS**

Defendant Glide Talk, Ltd. ("Glide") together with Plaintiff Anthony Coffman ("Plaintiff" and, collectively, the "Parties") hereby request that this Court stay the proceedings in this case to allow the Parties to attempt to resolve this dispute through private mediation with the assistance of the Honorable Judge Wayne Andersen (Ret.) of JAMS. In support of this Motion, the Parties state as follows:

1. On October 28, 2013, Plaintiff filed his First Amended Class Action Complaint (dkt. 22) arising out of Glide's alleged practice of making autodialed text message calls that Plaintiff asserts violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). Although Glide has not yet answered the Complaint, it denies any liability.

2. On November 8, 2013, Glide moved to dismiss Plaintiff's Complaint on the grounds that, *inter alia*, this Court lacks personal jurisdiction over Glide. (Dkt. 26.)

1

3. On December 6, 2013, Plaintiff filed a Motion for Leave to conduct limited jurisdictional discovery on the issue of personal jurisdiction, and for an extension of time to respond to Glide's Motion to Dismiss. (Dkt. 33.)

4. On December 12, 2013, the Court issued an Order granting Plaintiff's Motion For Leave (dkt. 36), setting discovery deadlines for limited personal jurisdiction discovery, and setting a briefing schedule on Glide's Motion to Dismiss on personal jurisdiction grounds.

5. On January 16, 2014, the Parties filed a Joint Motion for Extension of Time to Complete Jurisdictional Discovery. (Dkt. 39.)

6. In that Motion, the Parties informed the Court that, in addition to conferring over the most efficient way to complete the jurisdictional discovery, the Parties also began discussing the possibility of settlement. (Dkt. 39, ¶ 5.)

7. The Parties continued these informal settlement discussions, and believe that they have reached the point where a formal mediation would be the most productive way to attempt to resolve this dispute.

8. The Parties have scheduled a mediation session in this matter before the Honorable Judge Wayne R. Andersen (Ret.) in Chicago, Illinois for March 18, 2014.

9. Due to the possibility that the Parties may resolve this dispute through mediation with Judge Andersen, the Parties believe that a stay of these proceedings is warranted to conserve the resources of both the Parties and the Court. Indeed, there would be no need for the Parties to move forward with discovery and briefing on Glide's Motion to Dismiss should the mediation result in a settlement. The Parties further submit that no prejudice will result if the Court grants the requested relief. Finally, the Parties submit that they are not bringing this Motion for purposes of delay or to cause any other prejudice.

10. The Parties request that the Court stay all proceedings in this case, including the jurisdictional discovery and the briefing schedule on Glide's pending Motion to Dismiss for Lack of Personal Jurisdiction, for a period of thirty-five (35) days to March 24, 2014, so that the Parties may engage in the mediation described above.

11. It is the Parties' intention to litigate the case, including the pending Motion to Dismiss for Lack of Personal Jurisdiction, if the mediation efforts are unsuccessful.

12. Should the Court grant the instant motion and stay the case, the Parties will file a Joint Status Report on March 24, 2014, to apprise the Court of the status of the mediation, and, if necessary, propose new dates for the jurisdictional discovery deadline and briefing schedule on Glide's motion to dismiss on personal jurisdiction grounds.

**WHEREFORE**, in light of the pending mediation, the Parties respectfully request that this Court enter an order: (1) Staying the proceedings for a period of thirty-five (35) days from the date of the filing of this Motion; (2) Entering and continuing the status hearing set for April 2, 2014; and (3) Directing the Parties to file a joint status report on March 24, 2014.

Dated: February 17, 2014

                    Respectfully Submitted,

| By: /s/ John C. Ochoa | By: /s/ Virginia Bell Flynn |
|---|---|
|  One of Plaintiff's Attorneys |  One of Defendant's Attorneys |
| | |
| Ari J. Scharg | Chad R. Fuller (Ca. 190830) |
| ascharg@edelson.com | TROUTMAN SANDERS LLP |
| John C. Ochoa | 11682 El Camino Real |
| jochoa@edelson.com | Suite 400 |
| EDELSON PC | San Diego, CA 92130 |
| 350 North LaSalle Street, Suite 1300 | Telephone: (858) 509-6056 |
| Chicago, Illinois 60654 | Facsimile: (858) 509-6040 |

3

Tel: 312.589.6370
Fax: 312.589.6378

*Counsel for Plaintiff Coffman and the Putative Class*

chad.fuller@troutmansanders.com

Alan D. Wingfield (VSB No. 27489)
Virginia Bell Flynn (VSB No. 79596)
TROUTMAN SANDERS LLP
1001 Haxall Point (23219)
P. O. Box 1122
Richmond, Virginia 23218
Telephone: (804) 697-1350
Facsimile: (804) 698-5172
alan.wingfield@troutmansanders.com
virginia.flynn@troutmansanders.com

Tyler S. Mertes (IL Bar No. 6283522)
TROUTMAN SANDERS LLP
55 West Monroe Street, Suite 3000
Chicago, Illinois 60603
(312) 759-5948 (telephone)
(773) 877-3742 (facsimile)
tyler.mertes@troutmansanders.com

*Counsel for Defendant Glide Talk, Ltd.*

**CERTIFICATE OF SERVICE**

I certify that on this 17th day of February 2014, a true and complete copy of the *Joint Motion to Stay Proceedings* was served via the CM/ECF system.

/s/ John C. Ochoa